FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

2011 FEB 11  PM 4: 15

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JOSEPH JOHNSON                                    CIVIL ACTION

VERSUS                                            NUMBER: 10-3156

BURL CAIN, WARDEN                                 SECTION: "S"(6)

## REPORT AND RECOMMENDATION

This matter was referred to the United States Magistrate Judge for the purpose of

conducting hearings, including an evidentiary hearing, if necessary, and submission of

proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B)

and (C), and as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases.  Upon

review of the entire record, the court has determined that this matter can be disposed of

without an evidentiary hearing.   For the following reasons, it is hereby recommended that

the instant petition be **DISMISSED WITH PREJUDICE.**

## I.  PROCEDURAL HISTORY

Petitioner, Joseph Johnson, is a state prisoner who is presently incarcerated at the

Louisiana State Penitentiary, Angola, Louisiana.  On February 23, 1989, petitioner was

___Fee _____
___Process _____
_X_ Dktd _____
___CtRmDep _____
___Doc. No._____

indicted by the Orleans Parish grand jury on the charge of first-degree murder in violation of LSA-R.S. 14:30.[1]  On July 13, 1989, following trial by jury in Orleans Parish Criminal District Court, petitioner was found to be guilty as charged and a sentence of life imprisonment without benefit of parole, probation or suspension of sentence was recommended.[2]  On July 26, 1989, petitioner was sentenced to life imprisonment without benefit of parole, probation or suspension of sentence.[3]

Petitioner appealed his conviction, arguing that the State failed to prove his guilt and that the trial court erred in failing to grant his motion for a new trial based upon the State's failure to disclose exculpatory evidence.[4]  On January 31, 1991, the Louisiana Fourth Circuit Court of Appeal, finding no merit to petitioner's claims, affirmed his conviction and sentence. *State v. Johnson*, 575 So.2d 417 (La. App. 4 Cir. 01/31/91).  On April 26, 1991, the Louisiana Supreme Court denied petitioner's related writ application, *State v. Johnson*, 578 So.2d 131 (La. 1991), thereby rendering his conviction and sentence final.

Following the conclusion of his direct appeal proceedings, petitioner, on October 18,

---

[1] Minute entry evidencing the grand jury's February 23, 1989 indictment is contained in the State rec., vol. 1 of 3.

[2] State rec., vol. 1 of 3, docket master entry 7/13/89.

[3] State rec., vol. 1 of 3, docket master entry 7/26/89.

[4] A copy of petitioner's brief on appeal, 89-KA-1880, is contained in the State rec., vol. 2 of 3.

2

1993, filed an application for post-conviction relief.[5]  Petitioner's efforts in this regard culminated on August 23, 1996, when the Louisiana Supreme Court denied his writ application.  *State ex rel. Johnson v. Whitley*, 678 So.2d 29 (La. 1996).

In June, 1997, petitioner filed an application for federal habeas corpus relief which, on November 23, 1998, was denied on the merits by United States District Court Senior Judge Marcel Livaudais.  *Johnson v. Cain*, 1998 WL 814626 (E.D. La. 11/23/98).  In August, 2000, United States Fifth Circuit Court of Appeals Judge Jacques Wiener, Jr., issued an Order denying petitioner's certificate of appealability (COA) motion.  *Johnson v. Cain*, No. 99-30003 (5th Cir. 2000) (unpublished order).[6]

On October 14, 1999, while his federal habeas proceeding was pending, petitioner again sought state post-conviction relief.[7]  On April 2, 2002, the state district court denied petitioner's application via a handwritten notation on the post-conviction application.  There is no evidence that petitioner sought relief in connection with the state district court's adverse decision.

On October 6, 2003, petitioner filed with the Orleans Parish Criminal District Court

---

[5]A copy of petitioner's October 18, 1993 post-conviction application is contained in the State rec., vol. 2 of 3.

[6]A copy of Judge Wiener's unpublished order is attached hereto.

[7]A copy of petitioner's October, 1999 post-conviction application is contained in the State rec., vol. 1 of 1.

a "Motion to Annul, Vacate, and Set Aside" his conviction and sentence based upon the Louisiana Supreme Court's decision in *State v. Dilosa*, 848 So.2d 546 (La. 2003), claiming the Orleans Parish grand jury which indicted him was selected in an unconstitutional manner.[8]  Having received no ruling from the Orleans Parish Criminal District Court, petitioner, on February 23, 2004, filed with the Louisiana Fourth Circuit Court of Appeal an "Application: Supervisory and/or Remedial Writ" seeking an order directing the state district court to rule on his pending motion.[9]  On March 29, 2004, the Louisiana Fourth Circuit denied petitioner's writ application, determining that petitioner had failed to preserve his claim for review and that his claim was not timely filed. *State v. Johnson*, No. 2004-K-0346 (La. App. 4 Cir. 03/29/04) (unpublished opinion).[10]  On April 8, 2005, the Louisiana Supreme Court denied petitioner's related writ application. *State ex rel. Johnson v. State*, 899 So.2d 7 (La. 2005).

On December 7, 2006, petitioner filed with the Orleans Parish Criminal District Court an "Application for Post-Conviction Relief" seeking DNA testing pursuant to the provisions

---

[8]A copy of petitioner's October 6, 2003 motion is contained in the State rec., vol. 2 of 3.

[9]A copy of petitioner's February 23, 2004 writ application to the state appellate court is contained in the State rec., vol. 2 of 3.

[10]A copy of the state appellate court's March 29, 2004 unpublished decision is contained in the State rec., vol. 2 of 3.

4

of La.C.Cr.P. art. 926.1.[11] Petitioner's unsuccessful efforts in this regard culminated on May

28, 2010, when the Louisiana Supreme Court denied his writ application.  *State ex rel.*

*Johnson v. State*, 36 So.3d 243 (La. 2010).

In July, 2010, petitioner filed with the United States Fifth Circuit Court of Appeal a

motion for an order authorizing the United States District Court for the Eastern District of

Louisiana to consider a successive 28 U.S.C. § 2254 application.  On August 4, 2010, a

three-judge panel of the United States Fifth Circuit denied petitioner's motion as

unnecessary, reasoning:

> Johnson argues that he was entitled to DNA testing under a procedural rule
> enacted in 2001 and that, by denying his request for DNA testing, the State
> violated his rights to due process, equal protection, and access to exculpatory
> material.
>      Johnson's application seeks to raise a challenge to his conviction by
> attacking a distinct state court judgment and purported legal error that occurred
> after his prior § 2254 application was denied.  Under these circumstances, his
> current application is not successive within the meaning of 28 U.S.C. § 2244.
> *See Leal Garcia v. Quarterman*, 573 F.3d 214, 220-24 (5th Cir. 2009).

*In re: Joseph Johnson*, No. 10-30636 (5th Cir. 2010) (unpublished opinion).[12]

On August 27, 2010, petitioner filed with this court the instant application for habeas

corpus relief (federal rec. doc. 3), arguing that his state post-conviction application seeking

---

[11]Article 926.1 provides, in pertinent part: "Prior to August 31, 2014, a person convicted of a felony may file an application under the provisions of this Article for post-conviction relief requesting DNA testing of an unknown sample secured in relation to the offense for which he was convicted."

[12]A copy of the Fifth Circuit's unpublished opinion is attached hereto.

biological evidence for DNA testing pursuant to the provisions of La.C.Cr.P art. 926.1 was

unconstitutionally denied.  In its response (federal rec. doc. 9), the State argues that the

instant petition is untimely.  Based upon the following, the court agrees.

## II. ANALYSIS

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"),

Pub.L.No. 104-132, 110 Stat. 1214 (1996) (effective April 24, 1996), state prisoners like

Johnson now have one year within which to timely seek federal habeas corpus relief, with

the one-year period being measured from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1) (West 2010).[13]

Title 28 U.S.C. § 2244(d)(2) further provides that the time during which a prisoner has a properly filed application for post-conviction relief or other collateral review with respect to the pertinent judgment pending before the state courts is not counted against the period of limitation. Although the State has done so in this case, the one-year time bar may be raised by the Court *sua sponte*. *Kiser v. Johnson*, 163 F.3d 326, 328-29 (5th Cir. 1999).

Measured under § 2244(d)(1)(A), because petitioner's conviction became final before the effective date of the AEDPA, he had one year from the AEDPA's effective date, or until April 24, 1997, within which to timely file his habeas petition in this court, excluding any time allowed by § 2244(d)(2). *Flanagan v. Johnson*, 154 F.3d 196, 202 (5th Cir. 1998) (prisoners whose convictions become final prior to AEDPA effective date must be provided with one year grace period, from April 26, 1996 to April 26, 1997, within which to timely seek relief). As noted in the procedural history set forth above, petitioner had a post-conviction application pending until August 23, 1996, when the Louisiana Supreme Court denied his writ application. *State ex rel. Johnson*, 678 So.2d 29. Thus, pursuant to the provisions of § 2244(d)(2), petitioner's prescriptive period did not commence running until

---

[13]The provisions of § 2244(d)(1)(B) are not applicable in the instant matter as petitioner points to no state-created filing impediment which prevented him from filing the above-captioned action earlier. Similarly, the provisions of § 2244(d)(1)(C) are not applicable since petitioner's habeas application is not based upon any retroactively applicable constitutional right recently recognized by the U.S. Supreme Court.

August 24, 1996, expiring one year later, on August 24, 1997, as petitioner had no "application for State post-conviction or other collateral review" pending during this one-year time period.[14]   Accordingly, § 2244(d)(1)(A) provides petitioner with no timeliness relief.

Measured under § 2244(d)(1)(D), petitioner's habeas application is likewise untimely. Louisiana Code of Criminal Procedure Article 926.1, the statute under which petitioner contends he is entitled to DNA testing, became effective on August 15, 2001. *See State ex rel. Poydras v. State*, 803 So.2d 982 (La. 2001)(Calogero, C.J., concurring). As such, August 15, 2001, properly serves as the date on which the factual predicate for petitioner's habeas claim could have been discovered and, therefore, the date on which prescription commenced to run. *See Byles v. Cain*, 2007 WL 955339, *2 (E.D. La. 01/26/07) (Chasez, M.J.) (adopted by Lemmon, J., on 3/26/07) (August 15, 2001 effective date serves as starting point for running of prescription under § 2244(d)(1)(D) with respect to habeas petition involving petitioner's unsuccessful post-conviction application seeking DNA testing pursuant to the provisions of La.C.Cr.P. art. 926.1). It was not until December 7, 2006, over four years after prescription had expired on August 15, 2002, that petitioner filed an application for post-

---

[14] While petitioner had a federal habeas corpus application pending during a portion of this time period, said application did not toll prescription. *See Duncan v. Walker*, 533 U.S. 167, 181-182, 121 S.Ct. 2120, 2129, 150 L.Ed.2d 251 (2001) ("We hold that an application for federal habeas corpus review is not an 'application for State post-conviction or other collateral review' within the meaning of 28 U.S.C. § 2244(d)(2). Section 2244(d)(2) therefore did not toll the limitation period during the pendency of respondent's first federal habeas petition.")

conviction relief seeking DNA testing pursuant to the provisions of La.C.Cr.P. art. 926.1.[15]

That said, this court's inquiry is not ended because a petitioner can also be granted equitable tolling of the AEDPA's one-year prescriptive period. *See Holland v. Florida*, _ U.S. _, 130 S.Ct. 2549, 2560, 177 L.Ed.2d 130 (2010). However, "[a] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* at 2562 (internal quotation marks omitted); *see also Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998) (holding that the AEDPA's statute of limitations can be equitably tolled only "in rare and exceptional circumstances"). A petitioner bears the burden of proof to establish entitlement to equitable tolling. *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002). It "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (citing *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996)).

In this case, petitioner has presented no facts which would warrant the application of equitable tolling. Accordingly, petitioner's habeas application should be dismissed as

---

[15]While petitioner earlier sought post-conviction relief on the basis that members of the grand jury which indicted him were unconstitutionally selected, this post-conviction proceeding was not initiated until October 6, 2003, over a year after his statute of limitations had expired under the provisions of 28 U.S.C. § 2244(d)(1)(D).

untimely.

Alternatively, even if petitioner's federal petition was not untimely, he nevertheless would not be entitled to habeas relief. The underlying basis of the instant habeas application is petitioner's claim of innocence. Petitioner alleges that "he has always claimed his innocence regarding [his] first degree murder conviction" and "[n]ow, nearly twenty-three years later he . . . had an opportunity to prove it had the State of Louisiana complied with its own statutory procedures in securing evidence and conducted a DNA test." (Federal rec. doc. 3-1, memorandum in support of writ of habeas corpus, p. 9). However, "the Fifth Circuit has noted that absent an independent, substantive constitutional violation, '. . . claims of actual innocence are not cognizable on federal habeas review.'" *Byles*, 2007 WL 955339 at *2 (quoting *Graves v. Cockrell*, 351 F.3d 143, 151 (5th Cir.), *reh'g in part granted on other grounds*, 351 F.3d 156 (5th Cir. 2003) (citing *Dowthitt v. Johnson*, 230 F.3d 733, 741 (5th Cir. 2000), *cert. denied*, 532 U.S. 915, 121 S.Ct. 1250, 149 L.Ed.2d 156 (2001)).

Further, petitioner's claim that the State violated "its own statutory procedures" in failing to provide him with DNA testing, "is not cognizable in this forum. Federal habeas corpus relief may be granted only to remedy violations of the federal Constitution and laws of the United States; mere violations of state law will not suffice." *Davis v. Cain*, 2008 WL 5191912, *6 (E.D. La. 08/13/08) (Knowles, M.J.) (adopted by Zainey, J., on 12/11/08) (citing 28 U.S.C. § 2254; *Engle v. Isaac*, 456 U.S. 107, 119, 102 S.Ct. 1558, 71 L.Ed.2d 783

(1983); *Hansbro v. Cain*, 2006 WL 3488729, *7 (W.D. La. 10/20/06) (Hornsby, M.J.) (adopted by Stagg, J., on 12/01/06) ("This court is not concerned with whether the state courts properly applied Article 926.1 because federal habeas relief does not lie for errors of state law.")).

Finally, to the extent petitioner is arguing that the denial of DNA testing violated federal law, he is wrong. There is no federal constitutional right to post-conviction DNA testing. *Richards v. District Attorney's Office*, 355 Fed. Appx. 826 (5th Cir. 2009) (citing *District Attorney's Office for Third Judicial Dist. v. Osborne*, __ U.S. __, 129 S.Ct. 2308, 2323, 174 L.Ed.2d 38 (2009); *see also Davis*, 2008 WL at *6 (citations omitted). Accordingly;

## **RECOMMENDATION**

For the foregoing reasons, it is recommended that the application for federal habeas corpus relief of Joseph Johnson be dismissed with prejudice.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. §636(b)(1); *Douglass v. United*

*Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996)(*en banc*).[16]

New Orleans, Louisiana, this _11th_ day of _February_, 2011.

LOUIS MOORE, JR.
UNITED STATES MAGISTRATE JUDGE

---

[16]*Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. §636(b)(1) was amended to extend that period to fourteen days.

12